IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30386
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CARL E. ROBINSON,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 00-CR-99-ALL-C
- - - - - - - - - -
October 26, 2001

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Carl E. Robinson appeals his conviction following a jury
trial for being a previously-convicted felon in possession of a
firearm, 18 U.S.C. § 922(g)(1).  Robinson argues that the
district court erred by failing to grant his motion in limine and
thereby admitting evidence of a narcotics transaction that
preceded his arrest for possession of the firearm at issue.  He
failed to object, however, at trial to the admission of this
evidence through the testimony of various police witnesses.
Therefore, the district court's admission of this evidence is

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

subject to plain-error review.  See United States v. Graves, 5 F.3d 1546, 1551 (5th Cir. 1993).

We have reviewed the record, the briefs of the parties, and the applicable law, and we find no plain error.  The law enforcement officers' testimony that they observed Robinson drop the relevant firearm while they pursued him was probative evidence of Robinson's knowing possession of the firearm and was not germane solely to the issue of Robinson's character.  In addition, the fact that the officers were pursuing Robinson because of his attempted sale of narcotics to undercover officers "complete[d] the story of the crime" because it provided the necessary explanation why the officers chased Robinson into the building in the first place.  See United States v. Coleman, 78 F.3d 154, 156 (5th Cir. 1996).  As such, the evidence was intrinsic, and Robinson has failed to show that the district court committed plain error in admitting this evidence, the probative value of which was not substantially outweighed by any potential for undue prejudice.  Robinson's conviction is AFFIRMED.